# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

**RUBY JEAN HUMPHREY**                                                                                 **PLAINTIFF**

**V.**                                                                       **NO. 2:12CV148-MPM-JMV**

**CITIBANK N.A. and CITIMORTGAGE, INC.**                                     **DEFENDANTS**

## REPORT AND RECOMMENDATION

Before the court is Defendant Citibank, N.A. and Defendant CitiMortgage, Inc.'s motion [8] to dismiss pursuant to FED.R.CIV.P. 12(b)(5) for *pro se* Plaintiff Ruby Humphrey's failure to effect service of process within 120 days in accordance with FED.R.CIV.P. 4(m). Having duly considered the submissions of the parties, it is my recommendation that the motion be denied.

Rule 4(m) provides in pertinent part that "[i]f a defendant is not served within 120 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant *or* order that service be made within a specified time." However, Rule 4(m) also states that "if the plaintiff shows good cause for the failure [to timely serve a defendant], the court must extend the time for service for an appropriate period." According to Wright & Miller, "good cause is likely (but not always) to be found when the plaintiff's failure to complete service in timely fashion is a result of the conduct of a third person, typically the process server, . . . the plaintiff has acted diligently in trying to effect service or there are understandable mitigating circumstances, or the plaintiff is proceeding *pro se* or *in forma pauperis.*" 4B CHARLES ALAN WRIGHT, ARTHUR R. MILLER, ET AL., FEDERAL PRACTICE & PROCEDURE § 1137 (3d ed. updated Dec. 2012). "Moreover, even if good cause is lacking, the court has discretionary power to extend time for service." *See Havard v. F.M. Logistics, Inc.,* 252 F.R.D. 317, 318 (S.D. Miss.

2008) (citation omitted). *See also* WRIGHT & MILLER, *supra*.

Here, Humphrey responds that she attempted service upon Defendants at their corporate offices via First Class Mail "on more than one occasion," but essentially concedes she failed to properly serve Defendants within the 120 days allowed under Rule 4(m). The court finds that considering Humphrey's *pro se* status, the fact that she made an effort to serve Defendants, and this court's discretionary power to allow additional time for service, Humphrey should be afforded additional time to effect service of process. Therefore, it is recommended that Defendants' motion to dismiss be denied and that Humphrey be given an additional thirty days to properly effect service of process.

The parties are referred to L. U. Civ. R. 72(a)(3) for the applicable procedure in the event any party desires to file objections to the findings and recommendations herein contained. The parties are warned that any such objections are required to be in writing and must be filed within fourteen (14) days of this date. Failure to timely file written objections to the proposed findings, conclusions and recommendations contained in this report will bar an aggrieved party, except upon grounds of plain error, from attacking on appeal unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Respectfully submitted this 3rd day of January, 2013.

/s/Jane M. Virden
UNITED STATES MAGISTRATE JUDGE